# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **ROBERT WASHINGTON FRANCIS-EL,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: RWT 11cv3222 |
| **MARILYNN M. BLAND.**, | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Self-represented Plaintiff Robert Washington Francis-El, an inmate at the Federal Correctional Institution in Cumberland, Maryland, brings suit under 42 U.S.C. § 1983 against Marilyn M. Bland, Clerk of the Circuit Court for Prince George's County. Doc. No. 1. This matter is before the Court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, the Court will dismiss the Complaint for failure to state a claim.

Plaintiff avers that on September 26, 2011, he mailed a habeas corpus petition to Defendant, and she has yet to docket the petition without justifiable cause. Compl. Part III. Plaintiff states generally that he has inquired about the status of his state petition on numerous occasions without success. He thus reasons that Defendant has violated his right to due process. Notably, Plaintiff does not identify any harm he has suffered such as missing a filing deadline as a result of the alleged conduct. As relief, he demands compensatory and punitive damages in the amount of $25 million.

The Eleventh Amendment bars a suit for monetary damages in federal court by a private individual against an unconsenting state or its agencies, absent waiver or congressional abrogation of sovereign immunity pursuant to section five of the Fourteenth Amendment. See Seminole Tribe v. Florida, 517 U.S. 44, 56-58 (1996); Pennhurst State School & Hospital v.

Halderman, 465 U.S. 89, 101-02 (1984).  Although Maryland has waived its immunity to suit in state court under certain circumstances, see Md.Code. Ann., State Gov't § 12–104(a)(1), it generally has not waived its immunity as to suits brought in federal tribunals, see Md.Code. Ann., State Gov't § 12–103(2); Dixon v. Baltimore City Police Dep't, 345 F. Supp. 2d 512, 513 (D. Md. 2003).   As Maryland has not waived its sovereign immunity in § 1983 damages actions, to the extent Plaintiff brings this action against the Clerk of Court in her official capacity as a state employee, his claims are barred by the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  If plaintiff has any claims arising under state law, he may pursue them in the appropriate state forum. This Court expresses no opinion as to the merits of such an action.   A separate Order consistent with this Memorandum Opinion follows.

Date: November 28, 2011                                                   /s/
                                                                                    ROGER W. TITUS
                                                                                    UNITED STATES DISTRICT JUDGE